# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STAR WELL SERVICES, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-19-672-R |
| | ) |
| WESTERN OILFIELDS SUPPLY | ) |
| COMPANY, d/b/a RENT FOR RAIN, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Defendant's Motion to Dismiss (Doc. No. 4), Plaintiff's Response (Doc.No. 5) thereto and Defendant's Reply (Doc. No. 6). Upon consideration of the parties' submission, the Court finds as follows.

Plaintiff initiated this action in the District Court of Grady County, Oklahoma, seeking to recoup rental payments from Defendant under theories of quasi-contract and unjust enrichment. Plaintiff asserts that in late 2016 or early 2017, Defendant, with whom it had some sort of prior business relationship, reached out and asked to store certain equipment, specifically frac tanks, on its equipment yard in Chickasha, Oklahoma. Star Well Services alleges that Defendant stored thirteen tanks on its property, without providing compensation, between January 2017 and 2019; all tanks were removed by June 2019. As a result, Plaintiff seeks to recover an unspecified amount, although it pled that the amount sought exceeded the $75,000 necessary to establish diversity jurisdiction.

Defendant removed the action to this Court and filed the instant motion asserting that the case should be dismissed, because a 2014 "Credit Application Master Rental

Agreement" executed by Star Well Services, Inc., contains the following forum selection clause, "Venue for any legal disputes between parties will lie exclusively in the courts of Kern County, California or where rental/services were performed at the sole discretion of the Rentor." (Doc.No. 4-1. ¶ 16). Defendant contends this provision applies because the equipment for which Plaintiff seeks to recoup storage fees was equipment that Star Well Services leased from Defendant Rain for Rent pursuant to the Credit Application Master Rental Agreement.[1] In response Plaintiff does not argue that the forum selection clause is invalid; rather, it contends that the clause does not apply to its claims in this litigation because the tanks stored on its property were not rental tanks under the Credit Application Master Rental Agreement. Defendant also argues that the broad language of the forum selection clause controls and mandates dismissal of this action.

"The doctrine of forum *non conveniens* permits a court to dismiss a case when an adequate alternative forum exists in a different judicial system and there is no mechanism by which the case may be transferred. *See* Charles Alan Wright et al., 14D Fed. Prac. & Proc. Juris. § 3828 (4th ed., Nov. 2018 update)" *Kelvion, Inc. v. PetroChina Canada Ltd.*, 918 F.3d 1088, 1091 (10th Cir. 2019). As a result, if the Court were to adopt Defendant's broad interpretation of the forum selection clause and its version of the facts, dismissal of this action would be required. However, the Court must make preliminary findings before dismissing the case in favor of the forum selection clause. Specifically, the Court must consider the scope of the clause.

---

[1] This action was filed by Plaintiff in state court on June 27, 2019, on July 29, 2019, Western filed suit against Star Well in the Superior Court of the State of California, County of Kern, seeking to recover unpaid rental fees in excess of $100,000.00 on certain equipment for a two-year period ending in May 2019. (Doc.No. 6-1).

In *Kelvion* the court noted:

> The scope of a forum-selection clause is evaluated according to ordinary principles of contractual interpretation. *See, e.g., Am. Soda, LLP v. U.S. Filter Wastewater Grp., Inc.*, 428 F.3d 921, 925 (10th Cir. 2005); *K & V Sci. Co. v. BMW*, 314 F.3d 494, 497 (10th Cir. 2002). Other circuits have held a forum-selection clause will apply to claims that "ultimately depend on the existence of a contractual relationship between the parties," *Coastal Steel Corp. v. Tilghman Wheelabrator Ltd.*, 709 F.2d 190, 203 (3d Cir. 1983), *overruled on other grounds* by *Lauro Lines S.R.L., v. Chasser*, 490 U.S. 495, 109 S.Ct. 1976, 104 L.Ed.2d 548 (1989); where "resolution of the claims relates to interpretation of the contract," *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 514 (9th Cir. 1988); or when the claims "involv[e] the same operative facts as a parallel claim for breach of contract," *Lambert v. Kysar*, 983 F.2d 1110, 1122 (1st Cir. 1993).

918 F.3d at 1092 (footnote omitted). Defendant represents that the frac tanks for which Plaintiff seeks storage fees were actually leased to Plaintiff under the Credit Application Master Rental Agreement, placing Plaintiff's claims within the scope of the forum selection clause. The Court finds dismissal inappropriate on two grounds.

This case presents a unique factual scenario. The affidavit provided by Plaintiff in response to the Motion to Dismiss asserts that the tanks for which it is seeking rental/storage fees are unrelated to tanks it leased from Defendant. The Court resolves factual disputes in Plaintiff's favor at this stage of the litigation. *See Streit v. Snap-On Equip., Inc.*, No. 10-4086-KHV-DJW, 2010 WL 5058540, * 2 (D. Kan Dec. 6, 2010). Thus, it is only if the Court agrees with Defendant's broad interpretation of the forum selection clause that dismissal of this action would be appropriate.

The provision addressing "any legal dispute" as set forth above is part of paragraph 16 of the Credit Application Master Rental Agreement, which includes the following choice of law provision directly before the forum selection clause, "16. (a) California law

3

shall govern this Agreement notwithstanding any choice of law rule to the contrary." (Doc.No. 4-1). In part premised on the choice of law provision, which indicates that paragraph 16 is addressed to disputes under the Agreement, the Court declines Defendant's contention that the forum selection clause should be broadly interpreted. Taken to an extreme, Defendant's interpretation would require any claim, including for example a random automobile accident between employees of the two companies, to be pursued in the courts of Kern County, California.[2] The Court interprets the second half of the forum selection clause as indicating that the mandate for pursuing claims in the courts of Kern County, California is limited to issues related to rental and services under the Credit Application Master Rental Agreement, giving the Defendant the option of pursuing litigation where rental or services were performed.[3]

Finally, to the extent Defendant argues that Plaintiff is attempting to side-step the forum selection clause by pleading equitable claims, its argument falls short. Although the parties were perhaps familiar with one another as a result of their prior contractual agreement, the Credit Application Master Rental Agreement, accepting Plaintiff's factual

---

[2] To the extent Defendant relies on the integration clause included in paragraph 16 of the Credit Application Master Rental Agreement, its reliance is misplaced. First, the integration clause relates specifically to this Agreement only. "This Agreement (i) represents the entire agreement and understanding of the parties with respect to the subject matter of this Agreement. . . ." Plaintiff characterizes its allegations as arising from an entirely separate arrangement between the parties. The existence of an integration clause in an earlier agreement does not eviscerate the potential for a new agreement or, as here, an equitable claim premised on an unrelated transaction between the same parties. The first paragraph of the Credit Application Master Rental Agreement states, "[t]he terms and conditions of the rental and sale of any equipment ("Equipment") by Rain for Rent, Western Oilfields Supply Company, its subsidiaries and affiliates (collectively, "Rentor") to the Applicant "Rentee" are stated in this Master Rental and Sale Agreement ("Agreement"), as supplemented by any Rentor invoice to Rentee ("Invoice"), any delivery documents, and any documents from Rentor regarding the use or handling of Equipment or Rentor's consent under § 3(a)."

[3] In support of its position Plaintiff submits the affidavit of Warren Young, President of Star Well, who avers that the stored tanks were not part of the business transaction that involved the Credit Application Master Rental Agreement. (Doc.No. 5-1).

representations as true, the tanks are not the same tanks as those involved in the rental agreement. The Court finds the fact that the parties were familiar with one another as a result of their prior contractual relationship does not support application of the forum selection clause to the instant dispute. If ultimately the facts do not bear out as alleged by Plaintiff, Defendant may be entitled to dismissal of this action under paragraph 16 of the Credit Application Master Rental Agreement. S*ee Yavuz v. 61MM, Ltd*, 576 F.3d 1166, 1173 (10th Cir. 2009)("In modern litigation, there is generally no time limit on when a motion to dismiss for *forum non conveniens* must be made." (quoting Wright & Miller, 14D Fed. Prac. & Proc. Juris. § 3828 (3d ed. 2008)). However, at this juncture, Plaintiff's claims as pled fall outside the scope of the Credit Application Master Rental Agreement and its forum selection clause.

For the reasons set forth herein, Defendant's Motion to Dismiss is DENIED.

**IT IS SO ORDERED** this 16th day of October 2019.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE