## THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **STAR WELL SERVICES, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-19-672-R** |
| | ) | |
| **WESTERN OILFIELDS SUPPLY** | ) | |
| **COMPANY, d/b/a RENT FOR RAIN,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

Before the Court is the Motion to Compel (Doc. No. 15) filed by Defendant Western Oilfields Supply Company. Plaintiff responded to the motion and Defendant filed a reply brief in support of its position. (Doc. Nos. 16, 17). Upon consideration of the parties' submissions, the Court finds as follows.

Star Well Services, Inc. filed this action alleging that it orally agreed with Defendant to store certain frac tanks on Plaintiff's property in Chickasha, Oklahoma, and that it did so without payment from January 1, 2017 through March 13, 2019. It seeks to recover damages under theories of quasi-contract and unjust enrichment. Defense counsel served upon Plaintiff's counsel discovery requests—interrogatories, requests for production, and requests for admission—on January 22, 2020. Plaintiff provided its responses thereto on February 24, 2020. Defendant contends the responses were inadequate and that Plaintiff's deficient responses result in a waiver of any objections to the discovery requests. Plaintiff contends that its efforts to assemble and provide the documents responsive to Defendant's requests were hampered by the COVID-19 outbreak.  Plaintiff further contends it has

sufficiently responded to Defendant's discovery requests and is aware of its obligation to supplement its prior disclosures should additional information or documents be uncovered.

Defendant's Motion to Compel sets forth four basic propositions:

(B)     Star Well's general objections should be struck[;]

(C)     Star Well's objections to Interrogatories Nos. 4 and 8 should be struck and Star Well should be ordered to answer same[;]

(D)     Star Well's objection to Requests for Production Nos. 2, 4, 5, 7, 15, 16, 17, and 19 should be struck and Star Well should be ordered to produce all responsive documents to same[; and]

(E)     Sanctions should be imposed pursuant to Fed.R.Civ.P. 37(a)(5)(A).

Doc. No. 15, pp. 7, 10, 14, and 20 (capitalization altered from original). The Court will address each argument in turn.

Plaintiff's Response to Defendant's First Set of Discovery Requests (Doc. No. 15-3), contains an introductory section labeled "General Objections," wherein Plaintiffs set forth five general objections to Defendant's discovery requests. Defendant asks the Court to strike these objections[1], because they are not addressed to any particular discovery request as mandated by Federal Rules of Civil Procedure 33(b)(4) and 34(b)(2)(C).[2] This section of Plaintiff's discovery response purports to reserve objections to production of information and documents that are privileged or that seek work product, asserts that

---

[1]  It is not entirely clear whether Defendant is advocating that the Court strike only the objections contained in the "General Objections" section or whether it contends that even those objections asserted in response to specific interrogatories and requests for production are too vague. Certain of the arguments set forth in Proposition B of the motion address "general objections" while others refer more specifically to "General Objections." The Court assumes Defendant's motion is directed both to the section of Plaintiff's discovery response entitled "General Objections" and to the general objections raised in response to the Interrogatories and Requests for Production, although Defendant's propositions (C) and (D) address particular discovery requests.

[2] Rule 33(b)(4) provides that "[t]he grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Rule 34(b)(2)(C) similarly provides that "[a]n objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest."

certain terms used in the discovery requests are overly broad, unduly burdensome, vague or ambiguous and seek irrelevant information or that the information/documents are not proportional to the needs of the case. Plaintiff also objected to the discovery requests to the extent they sought confidential or trade secret information or the opinions of an expert. (Doc. No. 15-3, p. 3).

Plaintiff does not respond to Defendant's contention that the Court should strike Plaintiff's General Objections. The Court hereby overrules Defendant's "General Objections." "General objections neither explain nor preserve anything. They are empty, useless traditions that do nothing but make discovery unnecessarily cumbersome." *Smash Tech., LLC v. Smash Solutions, LLC*, No. 2:10-cv-00105-TC-JCB, 2020 WL 3546254 (D. Utah, June 30, 2020).[3] Similarly, the boilerplate objections offered by Plaintiff in response to Defendant's Interrogatories—Requests for Production are addressed below—are insufficient.

Defendant specifically challenges Defendant's objections to two interrogatories, 4 and 8.

> **INTERROGATORY NO. 4.** Identify any oral communications that occurred between you and Defendant related to storage of frac tanks by Defendant on your yard at any period of time. Your answer should identify who made the communication, who received the communication, when the communication occurred, the substance of the communication, and any witnesses who have knowledge of the communication.

> **RESPONSE:** Plaintiff objects to this interrogatory as being an overly broad and unduly burdensome contention interrogatory. Plaintiff also objects to this interrogatory to the extent that it is a compound and/or multi-part interrogatory, and each part thereof constitutes a separate interrogatory.

---

[3] The Court finds no distinction between overruling the objections, striking them, or finding the objections waived.

> Plaintiff objects to this Interrogatory because it seeks an audit, summary or compilation of information. The response to this interrogatory may be supplemented at a later date.

Doc. No. 15-3.

> [Supplemental Response to] **Interrogatory No. 4**: We stand on our response. Interrogatories are to be answered based on the knowledge and belief at the time of answering the interrogatory. Mr. Young so answered Interrogatory No. 4. Mr. Young has a duty to supplement his answer if it changes. It has not changed.

Doc. No. 15-9.

As set forth above, to the extent Plaintiff contends Interrogatory No. 4 is overly broad or unduly burdensome it has waived the objection by failing to make it with specificity. Its remaining objections are similarly unavailing. Federal Rule of Civil Procedure 33(a)(2) provides that "[a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact ...." Thus, objecting merely because an interrogatory appears to be of the "contention" variety is, by itself, not a valid objection.

The Court similarly rejects Plaintiff's contention that Interrogatory No. 4 contains multiple inquiries each of which counts against the twenty-five interrogatories permitted by Rule 33(a)(1). Rule 33(a)(1) sets forth the maximum number of permissible interrogatories without leave of court and also provides that the limit includes "all discrete subparts." Plaintiff does not identify how many subparts it believes that Interrogatory No. 4 contains.[4]

---

[4]  The Court notes that Defendant's initial discovery requests did not exceed the maximum number, and because Plaintiff does not identify how many subparts it believes Interrogatory No. 4 contains, the Court cannot discern that

According to Plaintiff's initial disclosures, it allegedly stored thirteen frac tanks belonging to Defendant from January 1, 2017 through March 13, 2019. The storage was allegedly the result of oral conversations between agents for the parties. Defendant is clearly entitled to information about the alleged oral agreement, which obviously was the result of conversations between agents of the parties. Second, although Rule 33(a) does not define "discrete subparts," analysis of the Advisory Committee Notes from the 1993 amendment to Rule 33 do not support Plaintiff's interpretation of the rule.

> Parties cannot evade this presumptive limitation through the device of joining as "subparts" questions that seek information about discrete separate subjects. However, a question asking about communications of a particular type should be treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each such communication.

Advisory Committee Note, 146 F.R.D. 401, 675–76 (Fed.1993)); see *Swackhammer v. Sprint Corp. PCS*, 225 F.R.D. 658, 664 (D. Kan. 2004).

> Although Rule 33(a) states that "discrete subparts" should be counted as separate interrogatories, it does not define that term. An interrogatory with subparts that elicit details concerning the common theme "should be considered a single question," even though "the breadth of an area inquired about may be disputable." *White v. Cinemark USA, Inc.*, No. 04CV0397 GEB CMK, 2005 WL 3881658, at *2–3 (E.D. Cal. Mar. 28, 2005). "On the other hand, an interrogatory with subparts inquiring into discrete areas is more likely to be counted as more than one for purposes of the limitation." *Id.* at *3. In *White*, the Court found that asking for "each and every fact" relating to each affirmative defense should be treated as separate interrogatories since each defense may be both factually and logically different. *Id.*

---

Defendant exceeded its allowance of 25 interrogatories, which would be the only basis for objecting to the subparts as set forth herein.

*Vega v. Honeywell Int'l, Inc.*, No. 19-CV-00663-W-BGS, 2020 WL 2098199, at *5 (S.D. Cal. May 1, 2020). The undersigned concludes that the questions of who said what to whom, when and where, are subsumed in the main inquiry, identifying conversations that allegedly support an agreement between the parties that Plaintiff would store frac tanks for Defendant's benefit and in exchange for compensation. Accordingly, Plaintiff's objection is overruled.

Finally, the Court considers Defendant's objection to Interrogatory No. 4, that is that the interrogatory requested an audit, compilation or summary. The Court assumes Defendant's objection was premised on Rule 33(d) of the Federal Rules of Civil Procedure:

> [i]f the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information) and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by: (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and (2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

Fed. R. Civ. P. 33(d). Plaintiff's objection does not comport with the requirements of the Rule, and accordingly is overruled. Having overruled the objections Plaintiff set forth in its responses to Interrogatory No. 4, the Court hereby orders that Plaintiff submit a supplemental response to defense counsel within ten days of entry of this Order.[5]

---

[5] In response to the motion to compel Plaintiff argues that the discovery sought would be better suited to deposition. Plaintiff did not raise this objection in its responses, and therefore it is waived. Plaintiff also contends that the substance of the relevant conversations is set forth in its responses to Interrogatory Nos. 5, 6, 7, and 8. The Court's review of those responses indicates that Plaintiff has identified that Brandon Branch contacted Plaintiff regarding permission to store tanks at Star Well's yard, which was agreed to by Warren Young and Gerald Carter, and that Mr. Carter coordinated the transfer of the tanks. Plaintiff's answer to Interrogatory No. 8 provides vague information about the alleged agreement that Plaintiff would store thirteen tanks for Defendant but asserts that Defendant left the tanks on

Defendant also seeks to compel Plaintiff to provide a supplemental response to Interrogatory No. 8.

> State the amount of money or other consideration that Defendant agreed to pay you for the storage of frac tanks on your yard as alleged in the Complaint.

Doc. No. 15-3. Plaintiff responded:

> There is no written agreement with regard to the storage of the 13 tanks. Plaintiff agreed to transfer and store the 13 tanks in its yard temporarily. Defendant was then to remove the 13 tanks in a short period of time. Instead, Defendant left the 13 tanks in Plaintiff's yard for over two years.

*Id.* Plaintiff's supplemental response—set forth in a May 15, 2020 letter—states "[t]here is no express agreement. Plaintiff's claims are based on Quasi-Contract and Restitution and Unjust Enrichment." Doc. No. 15-9. The Court interprets the clarification as indicating that Defendant and Plaintiff never agreed upon a price, consistent with Plaintiff's quasi-contract theory or recovery. Oklahoma recognizes "quasi contracts," also known as "implied-in-law" or "constructive" contracts. *T&S Inv. Co. v. Coury*, 593 P.2d 503, 504 (Okla. 1979) (discussing the distinction between quasi contracts, implied-in-fact contracts, and express contracts).[6] "A 'quasi' or constructive contract is an implication of law," i.e., "the contract is a mere fiction, imposed in order to adapt the case to a given remedy," whereas an "implied-in-fact" contract is one in which "the contract is a fact legitimately inferred." *Id.*

---

its yard for more than two years rather than on a temporary basis. These answers are insufficient as a response to Interrogatory No. 4.

[6] The Oklahoma Uniform Jury Instruction on Quasi-Contract provides that a jury may find a defendant liable if it concludes that the plaintiff furnished goods or services to the defendant, with the reasonable expectation of being compensated, that defendant knowingly accepted the benefit of the services, and that the defendant would be unfairly benefited by the services if not required to compensate the plaintiff. OUJI-Civ. 23.10.

Accordingly, although Defendant contends Plaintiff has not sufficiently responded, the Court disagrees.[7] Defendant's Motion to Compel is denied as to Interrogatory No. 8.

Defendant next requests that the Court strike Plaintiff's objections to its Requests for Production 2, 4, 5, 7, 15, 16, 17, and 19. Although Plaintiff objected to each of these requests in its responses, the most recent communication from Plaintiff's counsel to Defendant's attorney, a May 15, 2020 letter, states:

> We produced the documents in our possession in this case on May 4, 2020. As stated in *Plaintiff's Response to Defendant's First Set of Discovery Requests,* Plaintiff may supplement this production at a later date. Discovery is ongoing and as we obtain further documentation, we will produce these documents to you.

Doc. No. 15-9. Plaintiff's counsel further stated:

> With respect to Requests for Production Nos. 4, 5, 7, 15, 16, 17, and 19, in each of the Plaintiff's responses to these requests, Plaintiff stated "The response to the request for production may be supplemented at a later date." Discovery is ongoing and we will supplement as we discover additional documents.

*Id.* In response to the Motion to Compel Plaintiff reiterates its position that it has produced all responsive documents, stating, "Ms. Lowe still states in her Motion to Compel that Star Well must produce additional documents that do not exist." (Doc. No. 16, p. 8). As to Requests for Production Nos. 2, 4, 5, 7, 15, 16, 17, and 19, the Court cannot mandate that a party produce documents that do not exist. However, Plaintiff states at page 12 of its Response that is has produced all "non-privileged" documents. Contrary to the requirement of Federal Rule of Civil Procedure 26(b)(5), Plaintiff has ignored its obligation to support

---

[7] Plaintiff's initial disclosures indicate a storage rate of $45 per day per tank without indicating a basis for the rate. (Doc. No. 15-1).

the assertion of a privilege by describing the nature of the documents, communications or tangible things not produced or disclosed, so as to permit Defendant to ascertain whether any asserted privilege is legitimate. Because Plaintiff has ignored its obligation and in light of Plaintiff's failure to clearly state whether any documents have been withheld on the basis of privilege, neither the Court nor Defendant is able to discern whether Plaintiff holds a legitimate privilege.

As a result, within five days of entry of this Order Plaintiff shall provide Defendant the information mandated by Rule 26(b)(5) in the form of a privilege log if Plaintiff withheld any discovery on the basis of privilege. If Plaintiff has withheld no discovery in light of a privilege, it should clearly state so in a communication to Defendant within this same time frame. Failure to comply with this mandate or the failure to provide the mandated Rule 26(b)(5) information in response to subsequent requests for production will result in waiver of the privilege. Defendant's Motion to Compel is granted to the extent that Plaintiff must provide additional information regarding the alleged privilege, but otherwise denied.

Plaintiff's response to Request for Production No. 2, which requested production of "[a]ll documents, written communications and electronically stored information that you intend to use as exhibits in this case, whether at deposition, hearing or trial," was that the request was premature.[8] Federal Rule of Civil Procedure 26(a)(1)(A)(ii), provides in relevant part:

---

[8] Inexplicably Plaintiff also objected that the request was overly broad and unduly burdensome and that it sought information protected by privilege. (Doc. No. 15-3, pp. 13-14).

9

> [e]xcept as exempted by Rule 26(a)(1)(B), . . . a party must, without awaiting a discovery request, provide to the other parties . . . a copy—or a description by category and location—of all documents, electronically stored information and tangible things that the disclosing party has in its possession, custody, or control and **may** use to support its claims or defense, unless the use would be solely for impeachment.

(emphasis added). In its initial disclosures Plaintiff indicated it was unaware of anything responsive to this obligation. Presumably Plaintiff's representation would no longer be true given that the parties have been engaged in discovery. As a result, Plaintiff had a duty to supplement its initial disclosures pursuant to Rule 26(e).

> A party who has made a disclosure under Rule 26(a) . . . must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not been made known to the other parties during the discovery process or in writing.

Fed.R.Civ.P. 26(e). Thus, Defendant cannot avoid providing documents responsive to Request for Production No. 2, to the extent such documents have not already been provided and the motion is granted in this regard.

Finally, Defendant requests that the Court impose sanctions on Plaintiff. Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure provides, in pertinent part:

> [i]f the motion [to compel] is granted . . . the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both, to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> (i)    the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii)    the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii)    other circumstances make an award of expenses unjust.

The Court has granted Defendant's motion in part, each party has taken positions that are not substantially justified. As a result, the Court declines Defendant's invitation to impose attorney's fees against Plaintiff because to do so would be unjust and inappropriate.

For the reasons set forth herein, Defendant's Motion to Compel is GRANTED IN PART AND DENIED IN PART.

**IT IS SO ORDERED** this 16th day of July 2020.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE